# EXHIBIT A



## STATE OF RHODE ISLAND

## DISTRICT COURT

## SUMMONS

| Plaintiff<br>Christopher Laccinole | Civil Action File Number<br>4CA-2021-00475 |
|---|---|
| v.<br>Defendant<br>International Union of Police Associations AFL-CIO | Attorney for the Plaintiff or the Plaintiff<br>Christopher Laccinole |
| | Address of the Plaintiff's Attorney or the Plaintiff<br>23 Othmar St<br>Narragansett RI  02882 |
| McGrath Judicial Complex<br>4th Division District Court<br>4800 Tower Hill Road<br>Wakefield RI  02879<br>*(401) 782-4131 | Address for the Defendant<br>Samuel Cabral<br>5632 Bee Ridge Road, Suite 200<br>Sarasota, FL  34233 |

**TO THE DEFENDANT:**

You are hereby summoned and required to serve upon the Plaintiff or the Plaintiff's attorney, whose name and address appears above, an answer to the complaint which is herewith served upon you. **Your answer must be made in WRITING within TWENTY (20) days after service of this Summons, complaint, and Language Assistance Notice, exclusive of the date of service, and filed with the court. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.**

Witness the seal/watermark of the District Court

| This Summons was generated on 5/20/2021. | /s/ Donna Avella<br>Clerk |
|---|---|

DC-CMS-4 (revised June 2020)

STATE OF RHODE ISLAND                    DISTRICT COURT
WASHINGTON COUNTY                        4th Division

CHRISTOPHER LACCINOLE                    C.A. No.
*Plaintiff*

Vs.

**International Union of Police Associations
AFL-CIO
&
DOES 1-10, inclusive**
*Defendants*

## COMPLAINT

### INTRODUCTION

This is a civil action about an organization that is running a scam operation to fleece consumers of donations for an ostensibly noble cause, while pocketing the donations for administrative overhead. In order to obtain donations, Defendant International Union of Police Associations ("IUPA") robocalls consumers using an artificial or prerecorded voice. Just recently, media outlets reported that Defendant IUPA's scam is prolific and profitable: "And 2017 financial records show the organization brought in over $16 million, but only gave charities $70,000."[1]

This is Plaintiff's third civil action against IUPA.

1. The Plaintiff brings this action alleging the Defendants violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 (hereinafter "TCPA").

2. Plaintiff has no pre-existing business relationship with the International Union of Police Associations AFL-CIO (hereinafter "IUPA") and never requested by an

---

[1] See https://www.ksdk.com/article/news/local/verify-law-enforcement-charity-phone-calls/63-14f9eabc-ea1d-4d5a-94c7-b38c9696af5d  (Accessed May 19, 2021).

1

agreement or otherwise that he be contacted.

3. The Plaintiff seeks statutory damages, and injunctive relief under the TCPA.

4. Any violations by Defendants were knowing, willful, repeated, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction to hear the TCPA claims in this matter pursuant to 47 U.S.C. § 227(b)(3) and 47 U.S.C. § 227(c)(5).

6. Venue in this County is proper pursuant to 47 U.S.C. § 227(b)(3) and 47 U.S.C. § 227(c)(5) because the Plaintiff is a resident of this County and the conduct complained of took place in this County.

## III. PARTIES

7. The Plaintiff is an adult resident, of the Town of Narragansett, County of Washington, State of Rhode Island, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

8. Upon information and belief, the Defendant, IUPA is a union organization with an address for principal committee member Samuel Cabral at 5632 Bee Ridge Road, No. 200, Sarasota FL 34233, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

9. Upon information and belief, Defendant IUPA may be served upon its principal committee member, to wit: Samuel Cabral at 5632 Bee Ridge Road, No. 200, Sarasota FL 34233.

10. Does 1-10 (the "Agents") are individual employees and/or agents employed by

IUPA and whose identities are currently unknown to the Plaintiff. One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

11. Holly E. Oliva-Van Horsten, Esq. is or was General Counsel for the International Union of Police Associations, AFL-CIO.

12. IUPA at all times acted by and through one or more of the Agents.

## IV. FACTUAL ALLEGATIONS

13. On July 25, 2020 at approximately 1:40PM EST, IUPA called Plaintiff's cellular telephone.

14. When Plaintiff answered, he immediately heard a man's voice talking.

15. Plaintiff recognized the man's voice because he has received multiple calls with the same man's voice.

16. The man was speaking from a script and used the same voice, intonation, and rhythm for each call.

17. The man identified himself as "John" from the National Police and Trooper Association.

18. Upon information and belief, the National Police and Trooper Association is a "program" within the IUPA.

19. Upon information and belief, the money collected from the National Police and Trooper Association is almost entirely used to personally enrich the fundraisers and the management of IUPA.

20. The calls from IUPA used a prerecorded message to respond to an algorithm of consumer statements and responses.

21. Defendant employs an automated telephone dialing system ("ATDS") as defined in 47 U.S.C. § 227(a)(1) and/or the FCC 2008 Declaratory Ruling.

22. Defendant used its ATDS to call Plaintiff on his cellular telephone.

23. Defendant called from 401 320 4773.

24. Defendant hung up on Plaintiff.

25. The telephone number that Defendant used to contact Plaintiff was and is assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

26. Plaintiff does not have an account with IUPA.

27. Plaintiff continued to receive calls with the same exact prerecorded message script from IUPA.

28. On December 11, 2019, Plaintiff personally advised the General Counsel for IUPA, Holly E. Oliva-Van Horsten, that IUPA's prerecorded calling practices violate the Telephone Consumer Protection Act.

29. Plaintiff has no pre-existing business relationship with IUPA and never requested by an agreement or otherwise that he be contacted.

30. Plaintiff never provided his cellular telephone number to IUPA and never provided his consent to IUPA to be contacted on his cellular telephone.

31. Plaintiff's phone number is part of the national Do Not Call registry.

32. IUPA's communication directly interfered with Plaintiff's right to peacefully enjoy phone service, and caused Plaintiff a significant amount of anxiety, frustration and annoyance.

33. IUPA did not initiate any call to Plaintiff's cellular telephone number for an emergency purpose.

4

34. The robocall nature of IUPA communication was annoying, abusive, and harassing to Plaintiff.

35. Plaintiff incurred actual damages as a result of Defendants' behavior.

36. The robocall nature of IUPA communications to Plaintiff invaded the privacy interests that the TCPA was intended to protect.

37. The telephone calls to Plaintiff's cellular telephone number were not initiated by accident or mistake.

38. Defendant did not have the required prior express consent from Plaintiff to place automated calls using an ATDS or an artificial or prerecorded voice to Plaintiff on his cellular telephone.

39. Defendants do not maintain a written policy for maintaining a do-not-call list.

40. Defendants have not informed and trained personnel engaged in making calls on the use of the do-not-call list.

41. Defendants do not provide the called party with a telephone number or address at which the person or entity may be contacted.

42. Pursuant to the TCPA and the FCC 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that it had prior express consent to call Plaintiff's cellular phone using an ATDS or an artificial or prerecorded voice.

## V. STATUTORY STRUCTURE TELEPHONE CONSUMER PROTECTION ACT

43. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

44. The TCPA regulates, *inter alia*, the use of automated telephone dialing systems.

45. Under the TCPA, an "automated telephone dialing system" ("ATDS") is: (1) an

automated dialing system capable of storing or producing and dialing telephone numbers, using a random or sequential number generator; and/or (2) a predictive dialer, which makes automated calls at a pace designed to optimize matching a connected call with an available agent. See 47 U.S.C. § 227(a)(1)); *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling, 23 F.C.C.R. 559, ¶ 12 (2008) ("FCC 2008 Declaratory Ruling").

46. Specifically, 47 U.S.C. § 227(1)(A)(iii) prohibits any call using an ATDS or an artificial or prerecorded voice to a cellular phone without prior express consent by the person being called, unless the call is for emergency purposes.

47. According to findings by the Federal Communications Commission ("FCC"), such calls are prohibited because automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls. The FCC also recognized that wireless customers are charged for incoming calls. See *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 F.C.C.R. 14014 (2003).

## VI. STATUTORY STRUCTURE RIGHT TO PRIVACY

48. Under RIGL § 9-1-28.1, it is the policy of this state that every person in this state shall have a right to privacy which shall be defined to include, *inter alia*, the right to be secure from unreasonable intrusion upon one's physical solitude or seclusion.

### COUNT I – Telephone Consumer Protection Act – 47 U.S.C. § 227(b)(3)

49. The acts of the Defendants constitute violations of the Telephone Consumer Protection Act.

50. Defendants' violations of the TCPA include, but are not limited to, the following:

      i. Making and/or initiating a telephone call using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service, in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

51. As a result of Defendants' actions, under 47 U.S.C. § 227(b)(3), Plaintiff is entitled to an award of statutory damages of $500.00 for each such violation and an injunction prohibiting future conduct in violation of the TCPA.

52. Since Defendants' violations were committed willfully and knowingly, Plaintiff requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(b)(3) for each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(b)(3);
2) Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(b)(3);
3) Such other relief as the Court may deem just and appropriate.

### COUNT II – Telephone Consumer Protection Act– 47 U.S.C. § 227(c)(5)

53. The acts of the Defendants constitute violations of the Telephone Consumer Protection Act.

54. Defendants' violations of the TCPA include, but are not limited to, the following:

    i. Violations of 47 CFR 64.1200

    ii. Violations of the do not call requirements at 47 U.S.C. § 227(c)

55. As a result of Defendants' actions, under 47 U.S.C. § 227(c)(5), Plaintiff is entitled to an award of statutory damages of $500.00 for each such violation and an injunction prohibiting future conduct in violation of the TCPA.

56. Since Defendants' violations were committed willfully and knowingly, Plaintiff requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(c)(5) for

each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(c)(5);
2) Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(c)(5);
3) Such other relief as the Court may deem just and appropriate.

## COUNT III – RIGHT TO PRIVACY

57. The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

58. Defendants intruded upon the seclusion of Plaintiff.

59. Defendants invaded Plaintiff's privacy by calling his private cellular phone.

60. Defendants benefit from the violation of Plaintiff's privacy.

61. Such conduct and actions of Defendants were willful and egregious.

62. As a result of such conduct and actions, the Plaintiff has suffered actual damages, in an amount to be determined by the court, and he may recover therefore pursuant to Rhode Island General Law § 9-1-28.1.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to RIGL § 9-1-28.1;
2) Costs and attorney fees pursuant to RIGL § 9-1-28.1;
3) Injunctive Relief to restrain and enjoin Defendant from violating Plaintiff's privacy;
4) Such other relief as the Court may deem just and appropriate.

The Plaintiff,
Christopher Laccinole

/s/ *Christopher M. Laccinole*
Christopher M. Laccinole
17 Richard Smith Rd.
Narragansett, RI 02882
chrislaccinole@gmail.com