UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CHRISTOPHER LACCINOLE,
    Plaintiff,

v.

INTERNATIONAL UNION OF
POLICE ASSOCIATIONS AFL-CIO
    Defendant.

C.A. No. 21-240-JJM-LDA

**MEMORANDUM AND ORDER**

JOHN J. MCCONNELL, JR., United States District Court Chief Judge.

Defendant International Union of Police Associations AFL-CIO ("IUPA") filed a Motion for Summary Judgment, seeking dismissal of Plaintiff Christopher Laccinole's claims against it for making solicitation calls to him in violation of the Telephone Consumer Protection Act ("TCPA") and the Rhode Island Right to Privacy Act statutes. ECF No. 11. Along with its motion, IUPA attached an affidavit from its attorney, Daniel Treuden, affirming that Exhibit A, a transcript from a deposition Mr. Laccinole gave in another case, was authentic. ECF No. 11-2, 11-3. Before the Court can get to the substance of the dispositive motion, it must deal with two Motions to Strike and a Motion in Limine that Mr. Laccinole filed arising out of IUPA's motion and the discovery process in this case.

**Motions to Strike**

Mr. Laccinole moves to strike the affidavit and Exhibit A and asks for an evidentiary hearing to depose Mr. Treuden. ECF No. 19. The parties fully briefed

1

the issues. ECF Nos. 29, 34. Mr. Laccinole also moves to strike a statement IUPA made in its objection to his motion to strike (ECF No. 29), characterizing the nature of the testimony Mr. Laccinole gave in Exhibit A as detrimental to this case. ECF No. 35. The Court denies both Motions to Strike.

In his first motion, Mr. Laccinole asks the Court to strike Mr. Treuden's statement[1] as to the authenticity of Mr. Laccinole's deposition transcript attached to IUPA's Motion for Summary Judgment, arguing that he committed perjury because he could not have personal knowledge of the deposition because he was not present when it was taken. ECF No. 19. Rule 56(e) of the Federal Rules of Civil Procedure provides:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.

Fed. R. Civ. P. 56(e). The affidavit does nothing more than authenticate Mr. Laccinole's own sworn deposition testimony and the Court finds that it meets the Rule 56(e) requirements. Nowhere in his motion does Mr. Laccinole state that Exhibit A is not an authentic copy of his deposition transcript. His motion to strike Mr. Treuden's affidavit and Exhibit A is DENIED; the Court also DENIES his request to depose Mr. Treuden. ECF No. 19.

---

[1] The statement is: "[t]he document attached as Exhibit A is a true and correct copy of the Deposition Transcript of Christopher Laccinole, which occurred on July 14, 2021 in a similar case involving Telephone Consumer Protection Act ('TCPA') claims. Citations to the transcript are to the transcript page number, not the exhibit page number." ECF No. 11-2.

Next, Mr. Laccinole moves to strike a statement in IUPA's opposition to his first motion to strike where it argues that Mr. Laccinole's deposition testimony in Exhibit A is damaging to this case. This statement is mere argument and the fact that Mr. Laccinole took the opportunity to respond to IUPA's argument point-by-point in his motion leads the Court to DENY AS MOOT this Motion to Strike. ECF No. 35.

**Motion in Limine**

Mr. Laccinole filed a Motion in Limine relating to Requests for Admissions ("RFAs") he served along with his complaint in state court before IUPA removed the case. ECF No. 38. He believes the IUPA did not timely answer this discovery and so argues that every request should be deemed admitted. He bases his opposition to the IUPA's Motion for Summary Judgment on these "admissions," and now moves in limine, asking the Court to exclude testimony or evidence that contradicts them. Alternatively, he asks for discovery since he did not conduct any other discovery in reliance on these admissions.

Mr. Laccinole raises what he perceives as contradictory rulings on whether discovery served (and not answered) in state court before removal is null and void or valid and should be answered.[2] The problem for Mr. Laccinole in this case is that the

---

[2] Mr. Laccinole has received consistent rulings that communicated to him that the discovery he serves with his state court complaint is null and void. *See Laccinole v. MRS BPO, LLC*, C.A. No. 20-475-WES, 2021 WL 4453672, at *2 (D.R.I. Sept. 29, 2021); *Laccinole v. Honoring Am. Law Enf't PAC*, C.A. No. 20-438-WES, Text Order, Dec. 15, 2021), *Laccinole v. Rausch Sturm, et al.*, C.A. No. 20-312-MSM, Text Order, Feb. 11, 2022. Two of these contrary decisions were issued before discovery closed in this case and all of them occurred several months before dispositive motions were filed. To the extent that he intends to continue engaging in future litigation in this

IUPA did serve answers to his RFAs on August 27, 2021 and denied almost all of them. ECF No. 31-3. While he now argues that the IUPA submitted them thirty days after the deadline, he never raised that objection with the IUPA or the Court in the form of a motion to strike.

Since at least 2014, judges of this Court presiding over cases that Mr. Laccinole has brought here have observed that "he is a very sophisticated *pro se* Plaintiff." *Laccinole v. Assad*, C.A. No. 14-404 S, 2016 WL 868511, at *9 (D.R.I. Mar. 7, 2016) (citing *Laccinole v. Twin Oaks Software Dev., Inc.*, No. CA 13–716 ML, 2014 WL 2440400, at *1 (D.R.I. May 30, 2014)). At this point, eight years and hundreds of lawsuits later, Mr. Laccinole's reliance on his status as a *pro se* litigant falls flat. While he may not have graduated law school or passed the bar exam, he is far more sophisticated in matters of litigation than many new practitioners who do not get the benefit of the Court's dispensation of sticking strictly to the rules. Mr. Laccinole knew that he could have filed a motion to strike because he has filed two such motions in this very case but chose to ignore the IUPA's answers in defiance of his prior experience in this same scenario. The Court finds that Mr. Laccinole has waived any objection to the IUPA's RFA answers and so they stand as submitted. The Court DENIES Mr. Laccinole's Motion in Limine. ECF No. 38.

---

way, the Court once again informs him that discovery issued and not answered in a state case before removal is null and void and should be reissued.

4

He asks the Court to allow him to now conduct the discovery that he failed to do during the period set forth in the scheduling order.[3] Rule 56(f) provides "a procedural 'escape hatch' for a party who genuinely requires additional time to marshal 'facts essential to justify [its] opposition' when confronted by a summary judgment motion." *Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 988 (1st Cir. 1988) (quoting *Herbert v. Wicklund*, 744 F.2d 218, 221 (1st Cir. 1984)). While his request did not necessarily conform to the "benchmarks" required to invoke Rule 56(f), the Court considers his request as adequately made in light of his *pro se* status. *Paterson-Leitch*, 840 F.2d at 988. And "'[a]lthough a district court should generally apply Rule 56(f) liberally, the court need not employ the rule to spare litigants from their own lack of diligence.'" *Id.* at 989 (quoting *Herbert*, 744 F.2d at 222).

Mr. Laccinole does not qualify for the procedural escape hatch of Rule 56(f). As the Court previously noted, he received the IUPA's RFAs well before the close of discovery and could have raised an objection with the IUPA or petitioned the Court for relief but failed to do so. The record makes clear that Mr. Laccinole does not merely need some additional time to complete discovery in the face of a motion for summary judgment that may have raised issues not originally contemplated during

---

[3] This case is different from *Laccinole v. MRS BPO, LLC* and *Laccinole v. Honoring American Law Enforcement PAC* where Judge Smith allowed Mr. Laccinole to take discovery if the cases did not settle at mediation. In those cases, Judge Smith clarified that Mr. Laccinole's state discovery was null and void, but the defendants did not answer the discovery attached to the complaint removed from state court. In this case, Mr. Laccinole received the IUPA's RFA denials and just ignored them.

discovery–he made a strategic litigation decision to not take discovery to delay the case or force a settlement in lieu of discovery. He intended to either force the IUPA's admissions or extend the case with delayed discovery but is hoisted with his own petard[4] now that the Court has denied his Motion in Limine and also DENIES his request for discovery.

### The IUPA's Motion for Summary Judgment

The Court now moves to the substance of the Motion for Summary Judgment. Mr. Laccinole brings claims under the TCPA, 47 U.S.C. 227(b)(3) (use of an automatic telephone dialing system), 47 U.S.C. 227(c)(5) (calling a number on the "Do Not Call" list), and for violating his Right to Privacy. The IUPA moves for summary judgment on all claims, arguing that Mr. Laccinole lacks standing because he is not a "consumer" as defined in the TCPA because he essentially runs a business by purchasing the burner phones and welcoming the solicitous calls. Specifically, the IUPA argues that the TCPA was enacted to protect consumers from unwanted, intrusive telephone calls and because Mr. Laccinole's only use of his burner cell

---

[4] There's letters sealed; and my two schoolfellows,
Whom I will trust as I will adders fanged,
They bear the mandate; they must sweep my way
And marshal me to knavery. Let it work,
For 'tis the sport to have the enginer
*Hoist with his own petard*; and 't shall go hard
But I will delve one yard below their mines
And blow them at the moon. O, 'tis most sweet
When in one line two crafts directly meet.

William Shakespeare, HAMLET 183 (Folger Library ed. 2003) (emphasis added).

phones is to receive and record calls from solicitors to collect evidence to support his many TCPA lawsuits, he is not protected.

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). To decide whether summary judgment is suitable, the court analyzes the record in the light most favorable to the nonmovant and draws all reasonable inferences in that party's favor. *See Cadle Co. v. Hayes*, 116 F.3d 957, 959 (1st Cir. 1997). "Even in cases where elusive concepts such as motive or intent are at issue, summary judgment may be appropriate if the nonmoving party rests merely upon conclusory allegations, improbable inferences, and unsupported speculation." *Medina-Munoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir. 1990) (citing *Rossy v. Roche Prod., Inc.*, 880 F.2d 621, 624 (1st Cir. 1989); *Oliver v. Dig. Equip. Corp.*, 846 F.2d 103, 109–10 (1st Cir. 1988)).

Through its motion, the IUPA suggests that Mr. Laccinole's motive for setting up these burner phones with multiple phone numbers and recording conversations is to collect evidence to support the lawsuits he files for profit. Before the Court is Mr. Laccinole's testimony in another similar TCPA case as to his phone habits. The undisputed facts are: Mr. Laccinole pays a monthly contractual fee for unlimited talk and text for a cell phone from T-Mobile. ECF No. 11-1, ¶ 3. Mr. Laccinole uses this phone for personal use, carries it with him, and gives the phone number associated with this phone to people in his life when they need to "get in touch" with him. *Id.*,

¶ 4. He also has a work cell phone and a landline at home. *Id.*, ¶ 5. He has not alleged that the IUPA called him on any of these phone numbers.

Mr. Laccinole testified that he presently has "at least eight" burner phones, or Tracfones, cheap disposable cell phones that use pre-paid, non-contract-based services, and has purchased "at least twelve" burner phones in the last five years. *Id.*, ¶ 6. He buys a burner phone "if it's cheap and if I think it's got a good battery." *Id.*, ¶ 12. When Mr. Laccinole buys a burner phone, he also must buy a phone plan that gives him a phone number. He testified that he typically buys a phone plan with the smallest possible amounts of minutes for the cheapest price: $19.99 for 60 minutes, which lasts "for 90 days only" or for 60 talk minutes, whichever is first. *Id.*, ¶¶ 14-15. While he could replenish the minutes on the phone to keep the existing phone number, he gets a new phone number. *Id.*, ¶ 17. He testified that "most of the time" he does not even exhaust the 60 minutes he purchases. *Id.*, ¶ 18. He admitted to having multiple numbers on each phone; "well, some of the phones I've had a couple of numbers on because I changed the number." *Id.*, ¶ 8.

He does not give out his burner phone numbers to his friends or family. *Id.*, ¶ 21. He records any calls that come in on the burner phones and admitted that he does so to create evidence to support his TCPA lawsuits,[5] as he found having a recording made it easier to prove his claims. *Id.*, ¶ 25. He testified that:

---

[5] In *Laccinole v. Students for Life Action Inc.*, C.A. No. 21-252 WES, 2022 WL 3099211, at *2 (D.R.I. Aug. 4, 2022), Mr. Laccinole moved to remand his case to state court and, as a basis for remand, argued that the court lacked jurisdiction because his injury could not meet standing requirements. One of the four bases that *he* argued was that *he was not injured because he wanted the robocalls so that he could*

8

> Q Is it fair to say your real motivation in pursuing this is not to save minutes on your plan but to try to ferret out what you perceive is scam PACs?
> A No. I want to make sure that the scam PACs start following the Telephone Consumer Protection Act.
> Q ...Your real motivation in filing a lawsuit, *** is to, as you just pointed out, is to sort of enforce the law against scam PACs, it is not really a concern about how many extra minutes you have on your phone or don't have on your phone, is that fair?
> A Well, I am concerned about the minutes because that certainly establishes the claim that underlies the lawsuit but, to be fair, yes, my motivation is to enforce the law against those scam PACs.

ECF No. 11-3 at 79.

The Court acknowledges that this case involves "elusive concepts such as motive or intent" but believes that summary judgment is appropriate because Mr. Laccinole's response to the undisputed evidence "rests merely upon conclusory allegations, improbable inferences, and unsupported speculation." *Medina-Munoz*, 896 F.2d at 8. Without being able to rely on the IUPA "admissions," his opposition to the IUPA's Motion for Summary Judgment relies solely on his self-serving statements. His Statement of Disputed Facts (ECF No. 21) in response to the IUPA's Statement of Undisputed Facts (ECF No. 11-1) cites no evidence of disputed issues of material fact and merely argues his point of view. In his Statement of Undisputed Facts (ECF No. 22), he restates the RFAs as the IUPA's admissions even though he

---

sue. The court dismissed that argument at the motion to dismiss stage as premature because he believed questions about Mr. Laccinole's motive should be answered after discovery but acknowledged the holding in *Stoops v. Wells Fargo Bank, N.A.* where the court granted summary judgment for the defendant in part because "[p]laintiff had admitted [at deposition] that she files TCPA actions as a business" and her "only purpose in using her cell phones is to file TCPA lawsuits," so the text messages did not "affect the privacy rights that the TCPA is intended to protect." 197 F. Supp. 3d 782, 798, 800 (W.D. Pa. 2016) (internal citations omitted).

9

knew the IUPA responded in August with denials. ECF No. 30-1; *see also* ECF No. 31-3. Even taken in the light most favorable to Mr. Laccinole, the record shows that it is undisputed that Mr. Laccinole invites[6] these phone calls and uses burner phones and the calls he records from them to file lawsuits. As such, the IUPA is entitled to judgment as a matter of law.

## CONCLUSION

The Court DENIES Mr. Laccinole's Motions to Strike (ECF Nos. 19, 35) and DENIES his Motion in Limine (ECF No. 38). The Court GRANTS the IUPA's Motion for Summary Judgment. ECF No. 11. The case is DISMISSED.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
Chief Judge
United States District Court

October 26, 2022

---

[6] Mr. Laccinole relies on the *Cunningham v. Rapid Response Monitoring Servs., Inc.* case because the court did not dismiss the plaintiff's claims finding he stated a concrete and particularized injury sufficient to confer standing even though the plaintiff's motive for receiving these phone calls was to collect evidence for his lawsuits. 251 F. Supp. 3d 1187, 1197 (M.D. Tenn. 2017). First, the *Cunningham* decision has no precedential value and this Court need not follow it. Second, that decision was made at the motion to dismiss stage when the court focused only on the allegations in the complaint in the light most favorable to the plaintiff. Moreover, the court emphasized that it made that "decision without prejudice to any eventual substantive defense based on actions by Cunningham to invite the Defendants' calls, should one be raised and have merit." *Id.*